UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

KENNETH E. HOLSAPPLE, SR.     ]
    Plaintiff,           ]
                           ]       **1 06 0058**
v.                        ]       No.
                           ]       Judge Campbell
LES HELTON, SHERIFF       ]
    Defendant.         ]

M E M O R A N D U M

The plaintiff, proceeding *pro se*, is an inmate at the Moore
County Jail in Lynchburg, Tennessee. He brings this action
pursuant to 42 U.S.C. § 1983 against Les Helton, Sheriff of
Marshall County, seeking unspecified relief.

Until recently, the plaintiff was an inmate at the Marshall
County Jail in Lewisburg, Tennessee. While there, the plaintiff
had some complaints about conditions of his confinement. More
specifically, the plaintiff alleges that he was denied needed
medication, an adequate mattress and "anointing oil for prayer".
The plaintiff also suggests that he was not adequately protected
from the other inmates.

To state a claim for § 1983 relief, the plaintiff must plead
and prove that the defendant, while acting under color of state
law, deprived him of some right guaranteed by the Constitution or
laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535,
101 S.Ct. 1908, 1913, 68 L.Ed.2d 420 (1981).

A *pro se* litigant must meet the basic pleading requirements

for a complaint to state a cognizable claim for relief. <u>Foster v. City of Cleveland Heights</u>, 1996 WL 132181 (6th Cir.; 3/21/96). A plaintiff's failure to identify a right, privilege or immunity secured by the Constitution that was violated merits a dismissal of the cause of action for failure to state a claim. <u>Codd v. Brown</u>, 939 F.2d 879, 882 (6th Cir. 1991). The plaintiff must identify the role of each defendant in the alleged violation and how each defendant caused that violation. <u>Dunn v. Tennessee</u>, 697 F.2d 121, 128 (6th Cir. 1982). In short, claims that lack factual support and are conclusory in nature will not support a cause of action for § 1983 relief. <u>Smith v. Rose</u>, 760 F.2d 102, 106 (6th Cir.1985).

In this case, the defendant is mentioned only once by title as the plaintiff describes his claims.[1] The plaintiff has failed in every respect to specify how the defendant's conduct led to the alleged violation of his rights. At best, the plaintiff is suing the defendant on a theory of respondeat superior, which will not support a claim for relief under § 1983. <u>Shehee v. Luttrell</u>, 199 F.3d 295, 300 (6th Cir.1999)(supervisors and administrators are not liable merely because they failed to intervene or act upon a prisoner's letters or complaints).

Accordingly, the plaintiff has failed to state a claim upon which § 1983 relief can be granted. Under such circumstances, the Court is obliged to dismiss the complaint sua sponte. 28 U.S.C. § 1915(e)(2).

---

[1] "I have written nurse, the administrator, Doctor and sheriff still no response." Complaint at pg.5.

An appropriate order will be entered.

Todd Campbell
United States District Judge